## CHARLES A. WILSON *et al.*

*v.*

## MARIE SCHNEIDER *et al.*

*Filed at Ottawa May 9, 1888.*

1. REDEMPTION *by judgment creditor—in case the judgment debtor has died—the statute construed.* The object of section 27, chapter 77, of the Revised Statutes, was to give a judgment creditor whose judgment was obtained after the death of his debtor, by the allowance of his claim in the probate court, the same right of redemption as was given to the judgment creditor who had recovered his judgment in the lifetime of the debtor, and to prescribe for the former the same mode of effecting such redemption as had been prescribed for the latter.

2. SAME—*execution—necessity therefor—and of the time within which it must be issued.* In either case, whether the judgment shall have been

recovered in the lifetime of the debtor or not, it is essential to the right of redemption that an execution shall have been issued, and whatever limitation as to the time within which the execution must be issued, applies as well to the special execution named in section 27 as to the ordinary *fieri facias* mentioned in section 20 of the same chapter.

3. So where the owner of a claim allowed against an estate desires to redeem land of the deceased debtor sold on execution or decree of foreclosure, he must take out a special execution within seven years from the time his claim is allowed. His right to redeem does not exist outside of the statute, and he must follow the proceeding pointed out in the statute, and in the mode therein prescribed.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. ALFRED SAMPLE, Judge, presiding.

This case arises under the petition of Joseph Euans for a writ of assistance to put him into the possession of a tract of land which he purchased at the master's sale under a decree for the foreclosure of a mortgage given by John Arends, in his lifetime, and for which land he held the master's deed, dated August 29, 1887. This petition was against Marie and Antoine Schneider. Comstock & Co: intervened by filing their petition, setting up that they had redeemed from the sale to Euans, and asking the court to deny the writ, claiming that it would hinder and vex them in their rights acquired under the redemption. Under the facts stated in the petitions, the circuit court granted the writ as prayed for by Euans, holding that the redemption was void, for the reason the special execution under which it was made was not issued within seven years after the date of the judgment allowing their claim against the estate of Arends.

Messrs. PAYSON & RAYMOND, for the plaintiffs in error:

Laws allowing redemption should be liberally construed, so that the debtor may pay as many of his debts as possible. *Schuck* v. *Gerlach*, 101 Ill. 338.

Actions and proceedings in the county court to sell land to pay debts, will not be barred after a lapse of seven years, when the delay is explained. *Wolf* v. *Ogden*, 66 Ill. 224; *Bursen* v.

*Goodspeed,* 60 id. 277 ; *Rosenthal* v. *Renick,* 44 id. 203 ; *Moore* v. *Ellsworth,* 51 id. 308 ; *Bishop* v. *O'Conner,* 69 id. 431 ; *McCoy* v. *Morrow,* 18 id. 519. But if the execution was erroneously issued, Euans can not object.

An execution issued after the period fixed by statute is not void. It stands valid and good until reversed. Proceedings had under it are valid and binding, until, in a proper manner, they are set aside, and it is only voidable at the instance of the party against whom it is issued. *Morgan* v. *Evans,* 72 Ill. 586 ; *Hernandez* v. *Drake,* 81 id. 34 ; Freeman on Judgments, secs. 29, 30 ; Rorer on Judicial Sales, sec. 656.

The redemption money is in the hands of the sheriff, subject to the order of Euans, and he can suffer no loss by this redemption. The validity of the execution can not be questioned by him. *Schuck* v. *Gerlach,* 101 Ill. 242.

By the very terms of the statute, Comstock & Co. had a right to redeem. "For the purpose of redemption  *  *  * any person whose claim shall have been probated and allowed  *  *  * shall be considered a judgment creditor." Rev. Stat. chap. 77, sec. 27.

Messrs. KAY & EUANS, for the defendant in error Joseph Euans :

Section 27, of chapter 77, of the Revised Statutes, merely declares that the owner of the claim in probate shall be considered a judgment creditor. It does not purport to place him upon any other footing than that of a judgment creditor. When and under what circumstances such judgment creditors can redeem, must be determined by a reference to sections 1 and 6 of the statute, and the decisions under them, as they stood when section 27 was enacted. We cite in support of our position, *Hay* v. *Hayes,* 56 Ill. 342 ; *Scammon* v. *Swartwout,* 35 id. 326 ; *Clingman* v. *Hopkie,* 78 id. 152 ; *Tenney* v. *Hemenway,* 53 id. 97 ; *Hastings* v. *Bryant,* 115 id. 69 ; *Barth* v. *National Bank,* id. 472 ; *Littler* v. *People,* 43 id. 194.

A sale of land on an execution issued contrary to the requirements of the statute, is void, and no title passes. *Coran* v. *Pittenger*, 92 Ill. 241.

The right of a judgment creditor to redeem is governed by the statute, and although a redemption may, in fact, be made in a case not authorized by the law, the party making the redemption will not get a title. The purchaser from whom the redemption is to be made is not bound to accept the redemption money unless the statutory requirements are observed. *Meyer* v. *Mintonye*, 106 Ill. 414.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

John Arends, now deceased, executed a mortgage in his lifetime to Charles A. Wilson and Luppe I. Arends upon east half south-west quarter section 28, Town. 28 N. Range 10 E. of 3d P. M. in Iroquois county. After his decease a bill to foreclose was filed by the mortgagees in the Circuit Court of said county against his heirs and the administrator of his estate, and certain parties in possession, named Marie Schneider and Antoine Schneider, and others. It does not appear that any of the creditors, whose claims were allowed against the estate, were made defendants to the bill.

Decree of sale was entered in the foreclosure suit on February 24, 1886, and, in pursuance thereof, the premises were sold, on May 10, 1886, to Joseph Euans. The usual certificate of purchase was issued to Euans and the master's report of sale was confirmed. The fifteen months for redemption expired on August 10, 1887, and the master's deed was executed and delivered to the purchaser on August 29, 1887.

The estate of Arends proved to be insolvent. On January 19, 1880, Comstock & Co. procured the allowance of a claim against the estate in the Probate Court of Iroquois county. On August 9, 1887,—seven years, six months and twenty days after the allowance of the claim—Comstock & Co. caused a special execution to be issued by the clerk of the Probate Court

to the sheriff of the county for the purpose of redeeming from the foreclosure sale. The execution came into the sheriff's hands on the same day, and Comstock & Co. at once paid him the amount necessary to redeem. The certificate of redemption was executed and recorded on said 9th day of August, 1887, and after being duly advertised the premises were sold on September 9, 1887, to Comstock & Co., who then paid to the sheriff the redemption money and interest, and received from him the usual sheriff's deed.

As we understand the facts, notice was given of the attempted redemption by Comstock & Co. to the master and to the purchaser at the foreclosure sale before the execution to such purchaser of the master's deed above mentioned.

The controversy is between the creditors, Comstock & Co., and the purchaser, Euans. The question involved is as to the right of a creditor, whose claim has been allowed against the estate of a deceased debtor, to redeem from the sale of the debtor's land after the expiration of seven years from the allowance of the claim. The Circuit Court decided against such right.

Section 27 of chapter 77 of the Revised Statutes, entitled "Judgments, Decrees and Executions," provides that "for the purpose of redemption from the sale of real estate of a deceased debtor, any person, whose claim shall have been probated and allowed against the estate of such deceased debtor, shall be considered a judgment creditor, and, for the purpose of enabling such creditor to redeem from such sale, it shall be lawful for the clerk of the court, wherein letters testamentary or of administration were granted, to issue special execution to the sheriff of the proper county, commanding him, upon redemption being made, to levy upon and sell the premises so sought to be redeemed, and like proceedings shall be had as upon other executions."

This section 27 is a part of the act of March 22, 1872, entitled as aforesaid. It went into effect at the same time with

the rest of the act. In order to ascertain its meaning, it must be construed in connection with the other sections, which precede and follow it. The person, whose claim has been allowed against the estate, is to be considered a "judgment creditor" in the sense, in which the term, "judgment creditor," had already been used in the preceding sections. As a creditor, who had obtained his judgment in the lifetime of the debtor, had been required to have execution issued and a levy and sale made, so a creditor, obtaining judgment against the estate of the deceased debtor, was also required to proceed in the same way. The object of section 27 was to give the judgment creditor of the deceased debtor the same right of redemption, which had just been given to the judgment creditor of the living debtor, and to prescribe for the former the same mode of effecting such redemption as had been prescribed for the latter.

In both cases, the issuance of an execution is an essential requirement in the proceeding for redemption. Whatever limitation the act may contain as to the time, within which an execution must be issued, applies as well to the special execution named in section 27 as to the ordinary *fi. fa.* mentioned in section 20. Turning to section 6, we find this language: "No execution shall issue upon any judgment after the expiration of seven years from the time the same becomes a lien, except upon the revival of the same by *scire facias,*" etc. The words, "any judgment," are broad enough to include the probated claim, which is to be considered a judgment by the terms of section 27, and the special execution, provided for in that section, is certainly comprehended within the meaning of the words, "no execution." We are, therefore, of the opinion, that the restriction laid down in section 6 was intended to apply to the claims and special executions referred to in section 27.

In the present case, the judgment was rendered on January 19, 1880, and the special execution was issued more than seven years thereafter. That execution must be regarded as

having been void and of no effect, if the judgment of Comstock & Co. can be regarded as having become a lien at the date of its rendition. By the terms of section 6 the period of seven years begins with the time when the judgment "becomes a lien."

Section 1 of the act provides "that a judgment of a court of record shall be a lien on the real estate of the person, against whom it is obtained, * * * from the time the same is rendered or revived for the period of seven years and no longer." It is true, that the judgment in favor of the claimant against an estate is, *not* that he recover his damages and costs and have execution therefor, but that the amount due him be paid in due course of administration by the administrator, etc.

But the creditors, who prove up their claims against an estate, have a right to have the land of the deceased debtor subjected to the payment of such claims in case of a deficiency of personal assets. Where the administrator files his petition to sell the land within a proper time, the purchaser at the administrator's sale will hold the property as against the grantee of the heir. This right of the creditors of an estate to have the realty sold to pay their debts is in the nature of a lien upon the land. In *Vansyckle* v. *Richardson,* 13 Ill. 171, we said: "The statute, in effect, reserves a lien on the lands of an intestate, to secure the payment of any excess of indebtedness beyond the proceeds of the personal estate. This lien is to be enforced by the administrator for the benefit of the creditors generally." (*McCoy* v. *Morrow,* 18 Ill. 519; *Bursen* v. *Goodspeed,* 60 id. 277; *Myer* v. *McDougal,* 47 id. 278; *Wheeler* v. *Dawson,* 63 id. 54; *Reed* v. *Colby,* 89 id. 104; *Furlong* v. *Riley,* 103 id. 628.) In *Bishop* v. *O'Conner,* 69 Ill. 431, it is said: "It is not accurate to say that the lands are charged, but rather that they are liable to be charged," etc.

While the liability of the lands to be charged with the debts of the decedent may not amount to a lien within the technical meaning of that word, yet the creditor may so enforce this liability, through the administrator, as against purchasers and

encumbrancers holding under the heir, that he derives from it all the advantages of a lien.

This being so, there is no reason why a creditor, having a judgment against the estate of a deceased debtor, should have a longer time for the enforcement of his rights against the debtor's land through the medium of an execution, than is awarded to a creditor obtaining his judgment in the lifetime of the debtor. Why should the former be assimilated to the latter as to the mode, in which he may redeem, and not as to the time within which he must redeem? If the lien of the latter's judgment is for only seven years so that he can not issue an execution after that time for the purpose of redemption, why should not the former's right to reach the debtor's land, not through administration, but through an execution issued for the purpose of redemption, be also limited to seven years? There would be no justice in making any distinction between the two classes of creditors so far as the exercise of the right to redeem is concerned.

We have held that, by analogy to the duration of a judgment lien, the administrator must file his petition to sell within seven years *from the death of the owner*, unless such facts are shown as furnish a satisfactory explanation of the delay. (*Reed* v. *Colby, supra; McCoy* v. *Morrow, supra.*) Even if this rule were applied in the present case, no good reasons are given why the petition to sell the mortgaged premises may not have been filed within the seven years.

The record does not show when Arends died, nor when letters of administration were taken out upon his estate. The proof only furnishes the date of the allowance of the claim of Comstock & Co. But although the petition to sell may be filed after seven years have passed since the death of the intestate if the delay is satisfactorily explained, yet we are of the opinion that, when the owner of the probated claim desires to redeem, he must take out execution within seven years from the time his claim is allowed, independently of what

reasons may or may not exist for the delay. His right to redeem is derived solely from the statute. It does not exist outside of the statute. He must, therefore, follow the proceeding pointed out in the statute and in the mode there prescribed. Other judgment creditors have a lien for only seven years from the time judgment is rendered and can not issue execution for redemption purposes after the lapse of that period. In like manner the creditor, proving his claim against the estate of the deceased debtor, can only have a charge upon or liability against the land, so far as the remedy by redemption is concerned, for seven years from the time his claim is allowed, and can not issue the special execution provided for in section 27 after that time. This was the view of the court below and we think its decision was correct.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*