McIlwain v. Karstens.

41 567
152s 135

## JAMES A. MCILWAIN

v.

## FRITZ KARSTENS AND FRITZ DUENSING.

*Forcible Entry and Detainer—Sale under Execution—Redemption— Secs. 6 and 27, Chap. 77, R. S.*

A party obtaining a judgment against the estate of a deceased person, wishing to redeem lands thereof sold under a decree of foreclosure, must take out a special execution within seven years from the time of the rendition of such judgment unless revived.

[Opinion filed October 27, 1891.]

APPEAL from the County Court of Randolph County; the Hon. WARREN N. WILSON, Judge, presiding.

Messrs. G. & G. A. KOERNER and R. G. GODDARD, for appellant.

Mr. H. CLAY HORNER, for appellees.

GREEN, P. J.    This action of forcible entry and detainer was commenced by appellant before a justice of the peace to recover from appellees, who were tenants of the heirs at law of William Murphy, deceased, the possession of 160 acres of land.    The cause was taken by appeal to the County Court, and there tried by the court without a jury.    The court refused to admit the evidence offered on behalf of plaintiff, found the issues for defendants, and gave judgment against plaintiff for costs.    To reverse the judgment plaintiff took this appeal.    The complaint filed in the cause by plaintiff alleges : That *on April 19, 1883*, J. E. Hayner & Co. recovered a judgment in the County Court of Randolph County against the estate of William Murphy, deceased, in the sum of $595.98. That on June 5, 1890, plaintiff purchased for value and received an assignment of the judgment from J. E. Hayner & Co.    That on June 13, 1889, the master in chancery of the Circuit Court of said county, under a decree of foreclosure of mortgage in favor of Boyle and Borders against the widow, heirs at law, and executor of the last will of said William Murphy, deceased, struck off and sold to James J. Borders, for the sum of $2,268, subject to the usual statutory redemption, the premises in controversy in this suit, described in the complaint.    That *on June 14, 1890*, J. E. Hayner & Co., by plaintiff as their assignee, caused a special execution to issue

out of said County Court on the judgment first above set forth against said land, and caused said special execution to be delivered to the sheriff of said county to execute, and made redemption of said land from said foreclosure sale, by paying the sheriff $2,450.12 on said last day, as provided by the statute. That on July 7, 1890, at the redemption sale of the premises under the special sale under the special execution, by said sheriff, plaintiff bid $2,478.44, which sum was in full of redemption money, and eight per cent interest thereon from date of sale, for said premises, and the same was by said sheriff then struck off and sold to plaintiff. That on the same day said sheriff made, executed and delivered to plaintiff a sheriff's deed conveying to plaintiff all the estate and interest of the estate of Murphy, deceased, his heirs and legatees, which deed is recorded in the recorder's office of said county. That plaintiff is the owner of, and entitled to, the possession of said premises by virtue of his deed under the proceedings above set forth. That defendants are jointly in possession of said premises as tenants of the heirs of said Murphy. That demand in writing for possession has been duly made and defendants wilfully and without force detain such possession from plaintiff.

It thus appears the plaintiff's right to maintain this action is based entirely upon the sheriff's deed, conveying to him the said premises as purchaser thereof, at the sale under the special execution. In the case of Meyer v. Minnbouge, 106 Ill. 414, it is said, with respect to a sheriff's deed: " It is hardly necessary to observe that the validity of every execution sale, and all conveyances or other evidences of title founded thereon, depend upon the authority of the officer to make such sale, and his authority in all cases depends upon the character and validity of the process under which he acts. If by reason of the judgment being void or having from any cause become incapable of being enforced by execution, and there has been no subsequent revivor of it, and execution nevertheless should be sued out, it would confer no authority whatever upon the officer executing it, and a sale made under it, and all official conveyances, or other evidences of title founded thereon, would be absolutely null and void."

"If the redemption be made by a judgment creditor, in order to be available to him under his statutory right to redeem, and to pass the title, in case of a second sale in satisfaction of his own judgment, he must have a valid execution, followed by a sheriff's deed, properly executed."

Tested by the rules thus announced in the case cited, was the special execution valid and did the sheriff's deed to appellant convey any title to him in or to said premises? The judgment upon which said execution was issued was recovered April 19, 1883, and was never revived. Seven years, one month and ten days thereafter, and on June 14, 1890, said execution issued thereon. By virtue of this execution, plaintiff claimed the right under the provisions of Sec. 27, Chap. 77, R. S., to redeem from the foreclosure sale mentioned in his complaint, and the right also to levy upon and sell the redeemed premises.

These being the facts, there can be no doubt that the execution was void and the sheriff's deed conveyed no title to plaintiff, as will be seen by reference to Sec. 6, Chap. 77, R. S., and the construction given that section by our Supreme Court.

Said Sec. 6 provides: "No execution shall issue upon any judgment after the expiration of seven years from the time the same becomes a lien, except upon the revival of the same by *scire facias.*"

In construing this section, it is said in Wilson v. Schneider et al., 124 Ill. 628: "The words 'any judgment' are broad enough to include the probated claim, which is to be considered a judgment by the terms of Sec. 27, and the special execution provided for in that section is certainly comprehended within the meaning of the words 'no execution.' We are therefore of opinion that the restriction laid down in Sec. 6 was intended to apply to the claims and special executions referred to in Sec. 27." It is also held in this last case, that a creditor proving his claim against an estate of a deceased debtor, can only have a charge upon, or liability against, the land, so far as the remedy by redemption is concerned, *for seven years* from the time his claim is allowed, and can not issue the special execution provided for in Sec. 27 *after*

*that time.* In that case the special execution was held to be void and of no effect, for the reason that it was issued more than seven years after the rendition of the judgment upon which it was issued. It follows, therefore, that in accordance with law, as laid down by the court of last resort in this State, we must hold the court below did not err in rendering the judgment appealed from, and that the special execution in this case issued upon a dormant judgment was void, and the sale and sheriff's deed thereunder were invalid, and plaintiff had no title in, or to, the premises by virtue thereof.

The judgment is affirmed.

*Judgment affirmed.*