JAMES A. MCILWAIN

*v.*

FRITZ KARSTENS *et al.*

*Filed at Mt. Vernon October 22, 1894.*

1. REDEMPTION—*by judgment creditor—execution necessary.* Whether the judgment of a creditor was recovered in the lifetime of the debtor or arose by allowance against his estate after his death, it is essential, if such creditor desires to redeem land from a former judicial sale, that he take out an execution upon his judgment.

2. SAME—*special execution within seven years.* The special execution provided for in section 27, chapter 77, of the Revised Statutes, to enable owners of claims allowed against estates of deceased persons to redeem lands sold on judgments or decrees, must be taken out within seven years from the time such claim is allowed. If issued after seven years such execution is void.

3. SHERIFF'S DEED—*depends upon validity of process.* The validity of a sheriff's deed depends upon the authority of the officer to make the sale, and his authority in all cases depends upon the character and validity of the process upon which he acts. If the process is void the deed in pursuance thereof is void, and is not admissible in evidence.

4. FORCIBLE ENTRY AND DETAINER—*right of recovery.* One suing in forcible entry and detainer must show a right of possession in himself, and cannot rely upon the lack of right in the defendant.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the County Court of Randolph county; the Hon. WARREN A. WILSON, Judge, presiding.

Messrs. G. & G. A. KOERNER, and Mr. R. G. GODDARD, for the plaintiff in error.

Mr. H. CLAY HORNER, for the defendants in error.

Mr. JUSTICE BAKER delivered the opinion of the court:

One William Murphy, in his lifetime, executed a mortgage to Borders & Boyle on one hundred and sixty acres of land in the east part of survey 205, etc. After his death the mortgage was foreclosed against his widow and heirs-at-law, and on the 13th day of June, 1889, the lands were sold by the master in chancery, and purchased by James J. Borders for the sum of $2268.17. A claim had been allowed by the probate court of Randolph county, on the 19th of April, 1883, against the estate of Murphy, in favor of Hayner & Co., for $625.57. Hayner & Co. assigned the judgment to plaintiff in error about June 14, 1890, and he, on that date, caused a special execution to issue thereon. Under that execution he made redemption from the foreclosure sale, and became the purchaser for $2478.44, and obtained a sheriff's deed under the redemption sale, dated July 7, 1890. On July 31, 1890, plaintiff in error commenced suit of forcible entry and detainer before a justice of the peace, against defendants in error, who were in possession of the land as the tenants of the heirs of William Murphy, deceased. The judgment of the justice of the peace was for plaintiff in error, but on appeal to the county court, and trial *de novo,* judgment for the defendants was entered, which has been affirmed by the Appellate Court. The principal error relied on by plaintiff in error to reverse the judgment below is the refusal of the county court to admit the sheriff's deed to plaintiff in error in evidence.

It will be seen that the special execution upon which the redemption was made and the land sold by the sheriff to plaintiff in error was issued more than seven years after the allowance of the claim in the probate court, and that was the ground of the objection to its being admitted in evidence, which was sustained by the trial court. Its ruling was clearly right. This precise question was presented and fully discussed in the case of *Wilson* v. *Schneider et al.* 124 Ill. 628. In that case we held that the object of section 27, chapter 77, of the Revised Statutes, was to give a judgment creditor whose judgment was obtained after the death of his debtor, by the allowance of his claim in the probate court, the same right of redemption as was given to the judgment creditor who had recovered his judgment in the lifetime of the debtor, and to prescribe the same mode of effecting such redemption as had been prescribed for the latter. In either case, whether the judgment shall have been recovered in the lifetime of the debtor or not, it is essential to the right of redemption that an execution shall have been issued, and the limitation as to the time within which the execution must issue applies as well to the special execution named in section 27 as to the ordinary *fieri facias* mentioned in section 20 of the same chapter. So, when the owner of a claim allowed against an estate desires to redeem land of the deceased debtor sold on execution or decree of foreclosure, he must take a special execution within seven years from the time his claim is allowed. His right to redeem does not exist outside of the statute, and he must follow the proceeding pointed out in the statute and in the mode therein prescribed. The validity of a sheriff's deed depends upon the authority of the officer to make the sale, and his authority in all cases depends upon the character and validity of the process under which he acts. The special execution being void,

the deed made in pursuance of a sale under it was also void,—not merely voidable. *Meyer* v. *Mintonye*, 106 Ill. 414.

It is contended that the heirs of Murphy cannot question the title of plaintiff in error because they have lost all their rights under the foreclosure sale, that sale having been made more than twelve months prior to the commencement of this suit. They or their tenants are in possession. Plaintiff in error is seeking to dispossess them. He can only do so by showing title in himself and right of possession. Certainly the parties sought to be ousted may deny the right of the one attempting to dispossess them.

· The judgment of the Appellate Court affirming that of the county court is right, and will be affirmed.

*Judgment affirmed.*

Mr. Justice Phillips, having heard this case in the Appellate Court, took no part in its decision here.