# CASES

DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS
### DURING THE YEAR 1911.

People of the State of Illinois, for use of Fortune
Bros. Brewing Company, Plaintiff in Error, v.
Thomas E. Barrett et al., Defendants in Error.

### Gen. No. 15,711.

1. Executions—*statute governing pro rating of proceeds con-
strued*. This statute which provides for pro rating proceeds of
sale under executions on judgments rendered at the same term of
court, has no application to special executions issued upon a claim
allowed by the Probate Court, such special execution having for
its sole function the redemption of real estate.

2. Redemption—*right of, defined*. *Held*, that the statutory right
of redemption is not real estate nor is it an interest legal or equi-
table upon which a judgment can become a lien.

Error to the Circuit Court of Cook county; the Hon. Lockwood
Honore, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1909. Affirmed. Opinion filed October 20,
1911.

Thomas J. Young, for plaintiff in error.

Seymour Edgerton, for defendants in error.

Mr. Presiding Justice Baldwin delivered the opin-
ion of the court.

On January 24, 1905, a claim was allowed by the

(94)

Probate Court of Cook county against the estate of Cornelius Griffen, deceased, and in favor of John Griffen, in the sum of $2,233.31.

On February 17, 1905, a special execution was issued thereon under the provision of section 27, chapter 77, Hurd's Revised Statutes, which provides for the issuing of a special execution on claims allowed by the Probate Court for the purpose of redemption by the claimant. John Griffen thereupon placed such execution in the hands of the then sheriff of Cook county, Thomas E. Barrett, since deceased, and paid to said sheriff the sum of $2,449.48 to redeem certain real estate of the deceased, from a foreclosure sale. Thereafter and on March 15, 1905, a redemption sale was had pursuant to the statute, where there was bid for the property the amount of the redemption money, interest and costs, and in addition about $2,350, making in all $4,800.

After the sale the sheriff, in compliance with the statute, applied the excess over the amount of the redemption money, interest and costs upon the execution under which the redemption was made and the sale had.

On February 9, 1905, another claim had been allowed by the Probate Court against the estate, in favor of Fortune Brothers Brewing Company in the sum of $7,561.34. Upon petition a special execution was issued on said claim on February 24, 1905, and placed in the hands of the sheriff on March 13, 1905. On the 14th day of March Fortune Brothers Brewing Company served upon the sheriff a written demand that there be paid to it its *pro rata* share of the amount realized at the redemption sale under the John Griffen special execution over and above the amount of the redemption money, interest and costs, claiming to be entitled to the sum of $1,814.17, under section 13, chapter 77, Hurd's Revised Statutes of Illinois. The sheriff refused to comply with the demand, but, applied all of the excess over the redemption

money, interest and costs realized at such sale upon the execution under which the redemption was made.

Thereupon Fortune Brothers Brewing Company brought this action in the name of the people of the State of Illinois for its use against the sheriff and the sureties upon his official bond. The death of Barrett having been suggested the cause was continued as to his bondsmen. Defendants in error filed a general demurrer to the declaration. The demurrer was sustained by and the suit dismissed by the lower court, and error is assigned upon this action.

Upon this writ of error we are called upon to decide whether or not executions, when issued for the purpose of redemption only, are controlled by the provisions of section 13, chapter 77, R. S., which provides for a *pro rata* division of the proceeds of the sale. Unless this section does govern in cases of this kind, the judgment of the court below must be affirmed.

Section 13, chapter 77, R. S. reads as follows:

"When the lien of several judgments is concurrent, by reason of the same having been rendered at the same term of court or on the same day in vacation, and execution issued upon any one of such judgments is levied upon property subject to such lien, the property so levied upon shall be sold for the benefit of all executions issued upon such judgments, and delivered to the same officer or any of his deputies before sale; and the proceeds of such sale shall be divided upon the several executions, *pro rata,* according to their several amounts."

The authority for a special execution on a claim allowed by the Probate Court is found in section 27, chapter 77, Revised Statutes. Its purpose is to enable a redemption, and it is not effective for any other. McIlwain v. Karstens, 152 Ill. 135.

Section 22 of the same chapter provides that if more than the redemption money, interest and costs is bid at the redemption sale, "the excess shall be applied on the execution under which the redemption is made."

Section 23 provides that "successive redemptions

may be made of the premises at any time within sixty days of the last sale at which they were sold for more than the amount of the redemption money, interest and costs, and the premises again sold in the same manner and upon the same terms and conditions, and certificate shall be made in like form and manner as upon the sale on the first redemption, and the person redeeming shall be considered to have bid the amount of his redemption money, interest and costs.''

Section 24 provides that ''when there are several decrees or judgment creditors, the creditor having the senior judgment or decree shall have the preference to redeem,'' etc., and ''the other creditors shall respectively have preference to redeem during a like time in the order of seniority of their several judgments or decrees; but where two or more judgments or decrees bear equal date, the creditor first paying the redemption money shall have the preference.''

Plaintiff in error contends, (1) that ''an order of the Probate Court allowing a claim against an estate has the same force and effect as a judgment,'' (2) that ''upon redemption being made upon such a Probate claim, thereafter like proceedings shall be had as upon other executions;'' (3) that ''the redemption laws should be given a liberal construction in order that the property of the debtor shall pay as many of the debts as possible,'' and claims that, in this case special executions were issued upon judgments rendered at the same term of court, and therefore by virtue of section 13, *supra,* the proceeds of the sale should be divided *pro rata.* Notwithstanding the correctness of several of these contentions as abstract propositions of law, we do not think the question here involved is settled by them.

Section 1, chapter 77, provides that a judgment of a court of record shall be a lien on the real estate of the judgment debtor, and section 13 of the same chapter, unquestionably refers to such judgments as are

liens within section 1,—that is, liens upon real estate. In the case at bar, the judgment was not a lien upon the real estate because the title of the judgment debtor had been extinguished by foreclosure and there was left to the judgment debtor and to his judgment creditors only such rights of redemption as the statute gives in express terms. This right of redemption conferred by the statute is only as to real estate.

When the claims of Griffen and of the Fortune Brothers Brewing Company respectively were allowed by the Probate Court and the special executions issued thereupon, the property which was subsequently redeemed under the execution issued in favor of Griffen had already been sold under foreclosure decree, and there remained in the deceased and his heirs or devisees merely the statutory right of redemption. This "right of redemption" is not real estate, nor is it an interest, legal or equitable, upon which a judgment can become a lien. It is entirely distinct from what is known as the "equity of redemption," which was an incident to the mortgage, and which was cut off by the foreclosure sale. The "right of redemption" is not an estate, but a mere privilege granted to the mortgagor whose "equity of redemption" has been foreclosed, and to a judgment debtor whose property has been sold under execution to regain it by paying the amount realized at the sale with interest and costs. The statutory "right of redemption" cannot be sold on execution. Merry v. Bostwick et al., 13 Ill. 398; Hill v. Blackwelder, 113 Ill. 283; Freeman on Judgments, 4th Ed., section 349, note 7.

Sections 20, 21, 22, 23, and 24, chapter 77, R. S., provide for redemption, and prescribe the mode of procedure, which must be followed by judgment creditors, and there is no other authority under which, or procedure by which such redemptions may be had. The "right of redemption is statutory and must be exercised in pursuance of the statute; otherwise it will

be ineffective.''    Littler v. The People, 43 Ill. 188; Herdman v. Cooper, 138 Ill., 583.

In construing the law with respect to the right of one having a special execution issued, as was this, on a claim allowed against the estate of a deceased person under section 27, chapter 77, the Supreme Court says: ''His right to redeem does not exist outside of the statute and he must follow the proceeding pointed out in the statute and in the mode therein presented.''    McIlwain v. Karstens, 152 Ill. 135.

Plaintiff in error here strongly urges as the reason for adopting the construction of the law for which he contends, the fact that the executor or administrator of an estate may unjustly enable one creditor to obtain priority over another by consenting to the allowance of one claim and contesting the other so as to delay its allowance and thus giving an unjust preference; indeed, the contention here is that exactly this was done in the case at bar.    But whether or not the law with respect to the allowance of claims in the Probate Court needs amendment in order to avoid such miscarriage of justice, we are satisfied that, in the case at bar, the provisions of section 13 have no application.

It follows, therefore, that the court below did not err in sustaining the demurrer to the declaration, and its judgment will be affirmed.

*Judgment affirmed.*