**Eunice E. Erickson, Appellant, v. John Ginocchio et al., Appellees.**

**Gen. No. 40,766.**

Heard in the first division of this court for the first district at the June term, 1939. Opinion filed January 22, 1940. Rehearing denied February 5, 1940.

JOHN E. ERICKSON, of Chicago, for appellant.

EUGENE C. O'REILLY, of Chicago, for appellees; EUGENE F. JEWETT, of Chicago, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the assignee of a mechanics' lien claimant from an order entered December 19, 1938, setting aside a decree of foreclosure entered in her favor on December 2, 1938. The facts will be best understood related in time sequence.

On November 17, 1922, Ruth Elizabeth Gloor Wilson was the owner of premises in Cook county, and on that date executed a trust deed to the Chicago Title and Trust Company, as trustee, to secure an indebtedness represented by a note for $15,000, due in five years. A bill was brought in the circuit court of Cook county to foreclose this trust deed by the owner, Hannah Wertheimer. Ruth Elizabeth Gloor Wilson et al., were made defendants. On February 27, 1934, a decree of sale and foreclosure was entered and on June 5, 1934, the premises were sold pursuant to the decree. On

September 5, 1935, John Ginocchio, a creditor of Ruth Elizabeth Gloor Wilson, redeemed the premises from the sale through the office of the sheriff of Cook county and received a deed from the sheriff pursuant to statute. On April 20, 1935, Ruth Elizabeth Gloor Wilson made an oral contract with the plaintiff's assignor for painting, decorating and other work to be done upon the premises. In compliance with this contract the assignor completed the work on or about June 26, 1935, and there is due to plaintiff, as assignee of the contract, the balance unpaid of $529.93. The assignor duly filed his claim for lien in the office of the clerk of the circuit court and upon default in payment, on March 9, 1937, complaint was filed by the assignee in the circuit court to foreclose the lien.

The cause was referred to a master, who reported in favor of the lien claimant. Objections were overruled and standing as exceptions before the chancellor were also overruled by him. On December 2, 1938, a decree of foreclosure and sale was entered. Pending the proceeding for the foreclosure of the lien a conservator was appointed for the estate of Ruth Elizabeth Gloor Wilson and she thereafter passed away. Her death was suggested and her personal representatives substituted. Prior to the entry of the decree of December 2, 1938, the suit was dismissed as against these representatives. Thereafter, Ginocchio petitioned the court for rehearing and that the decree might be set aside. His petition was granted. Evidence was taken, the substance of which is above recited. On December 19, 1938, the court entered an order finding that neither Ruth Elizabeth Gloor Wilson, deceased, nor her heirs or devisees, if any, were party or parties to the proceeding; that they and each of them were necessary parties; that the court was without jurisdiction of the subject matter, and the decree of December 2, 1938, be set aside. This appeal followed.

The question is squarely raised whether the owner of a right of redemption may by contract of the kind disclosed here, made pending a foreclosure and after a sale as against the redeeming creditor, subject the premises to a lien under section 1 of the Mechanics' Lien Act. Section 1 of the Mechanics' Lien Act expressly provides that it shall "extend to an estate in fee, for life, for years, or any other estate or any right of redemption, or other interest which such owner may have in the lot or tract of land at the time of making such contract or may subsequently acquire therein." Smith-Hurd Ill. Ann. Stats., ch. 82, sec. 1, p. 911 [Jones Ill. Stats. Ann. 74.01, 74.40]. The Mechanics' Lien Act while construed liberally as a remedial act (see section 39 [Jones Ill. Stats Ann. 74.39]) being in derogation of the common law is strictly construed with reference to requirements upon which the right to a lien depends. *North Side Sash & Door Co. v. Hecht,* 295 Ill. 515, 519; *Armstrong v. Obucino,* 300 Ill. 140; *Gottschalk Const. Co. v. Carlson,* 253 Ill. App. 520. It has been held in conformity with this rule that notwithstanding the language of the statute a decree to enforce a lien under it cannot be entered after the premises have been sold under a decree of foreclosure in a suit to foreclose a mortgage which is admitted to be a prior and superior lien. In *Stone v. Tyler,* 173 Ill. 147, 156, the court said: "after a decree of foreclosure of a mortgage, and a sale of the mortgaged premises under the circumstances here stated, the mortgagor has no such ownership in the premises, as will support a lien for labor done or materials furnished on the premises."

Practically the same rule had been before announced in *Davis v. Connecticut Mut. Life Ins. Co.,* 84 Ill. 508; *Jackson v. Warren,* 32 Ill. 331; and *Green v. Sprague,* 120 Ill. 416. These cases were decided under prior mechanic lien acts but the reasoning is applicable to the present statute.

In Love on Illinois Mechanics' Liens, par. 11B, p. 16, the author, after citing these decisions, says: ''The court held, in effect, that the lien could not attach to a mere right to redeem which came into existence upon the making of the sale in the mortgage foreclosure, that right not being an estate or interest in land, either legal or equitable, to which the lien could attach. While this case was decided under a prior statute, it would probably be followed to-day since the courts consistently recognize a difference between the equity of redemption which the mortgagor has before sale under decree of foreclosure (which equity is deemed an estate) and his mere right to redeem after a sale has occurred, which right is not considered a legal or equitable estate in land.''

Plaintiff cites *Hack v. Snow*, 338 Ill. 28; *Williams v. Williston*, 315 Ill. 178; *Chicago Joint Stock Land Bank v. McCambridge*, 343 Ill. 456; *Crowder v. Scott State Bank of Bethany*, 365 Ill. 88, and says that these ''more recent'' cases hold that ''both before and after sale under a foreclosure the owner of the equity of redemption has the same estate in the land.'' The opinions in these cases say this, which is no doubt true under the circumstances appearing in each of them but not at all applicable here. The question here, however, becomes one of statutory construction. The real question is whether, after a sale has been made, the mortgagor has an interest in the land to which the right of a statutory lien claimant may attach. This question must be considered in connection with the provisions of chapter 77 on judgment decrees and executions and the provisions therein for redemption from sales under decrees and judgments.

In the early case of *Merry v. Bostwick*, 13 Ill. 399, the Supreme Court held that a mere right to redeem might not be sold on execution, and that to permit such a sale would defeat the whole policy of the law allowing redemptions. The court said (p. 412): ''The

right was designed as a favor to the debtor, to afford him an opportunity to save his real estate by the payment, at any time within twelve months, of the price for which it sold, . . . but it would be entirely cut off by allowing this right to redeem to be sold on a second judgment. Again, such a practice would interfere directly with the mode prescribed by the legislature for redemptions by judgment creditors. The law will not permit them to redeem till the expiration of twelve months from the first sale, and it would be inconsistent with this provision of the statute to allow a judgment creditor to accomplish the same object by a sale made within the twelve months.''

In *People v. Barrett,* 165 Ill. App. 94, it was held that the statutory right of redemption cannot be sold under execution. In *Level v. Goosman,* 285 Ill. 347, the Supreme Court pointed out that one of the purposes of redemption was to subject the property of the debtor to the payment of as many debts as possible and to accomplish this end redemption statutes are liberally construed. In *Neuffer v. Hagelin,* 369 Ill. 344, decided at the October term, 1938, in denying the right of a grantee of certain heirs to redeem from a sale made in due course of administration for the payment of debts, the opinion by Chief Justice SHAW pointed out that the theory of the appellant was based upon a misconception of *Merry v. Bostwick* and similar cases. The opinion states (p. 347): ''In these cases it is held that the right of redemption which a judgment debtor has after a sale on execution is not such an interest in land as may be taken and sold on a subsequent execution. The reason for this rule is pointed out in the case of *Merry v. Bostwick, supra,* and that reason is, that such a practice would directly interfere with the mode prescribed by the legislature for successive redemptions by judgment creditors; that a judgment creditor cannot redeem until the expiration of twelve months from the first sale, and it would be inconsistent with this provision of the statute

to allow such a creditor to accomplish the same result by a sale within the twelve-month period.''

This is the fundamental reason for the holding that a lien apparently given under section 1 of the Mechanics' Lien Act may not attach. It is easy to become lost in metaphysical distinctions. It is always necessary in considering the language of judicial opinions to have regard to the particular problem before the court. Here, the construction for which the plaintiff contends would destroy the whole statutory plan for redemption under sales on executions upon judgments and decrees. Smith-Hurd Ill. Ann. Stats., ch. 77, secs. 18–27, pp. 217–258 [Jones Ill. Stats. Ann. 107.168–107.178]. It is apparent in the enactment of section 1 of the Mechanics' Lien Act no such result was intended. The necessary conclusion is that the lien was not intended to attach to a mere right of redemption of a mortgagor after sale as distinguished from his equity of redemption. The decree of December 2, 1938, was improper. The order setting it aside will be affirmed.

*Affirmed.*

O'CONNOR and McSURELY, JJ., concur.