(No. 24623.—

HELEN M. NEUFFER, Appellant, *vs.* EDWARD HAGELIN, Receiver, *et al.* Appellees.

*Opinion filed June 21, 1938—Rehearing denied October 5, 1938.*

FREDERICK J. BERTRAM, for appellant.

HARRY A. BIOSSAT, and MEYER ABRAMS, for appellees.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

The plaintiff, Helen M. Neuffer, commenced proceedings in chancery to redeem certain real estate. She brings this appeal from an order of the superior court of Cook county sustaining defendant's motion to dismiss her complaint, and dismissing the same for want of equity.

Hilda Linquist was the owner of the real estate involved in this appeal, upon which there was a trust deed securing certain of her obligations, and on this trust deed foreclosure proceedings were instituted and a decree of foreclosure entered June 30, 1934. Hilda Linquist died intestate on June 25, 1934, leaving Chester Linquist and Douglas F. Linquist, her sons, as her only heirs-at-law. October 28, 1936, pursuant to the decree of foreclosure, the property involved was sold at a master's sale to one R. H. Wegert for $11,625, the sale being approved and a certificate of sale issued to the purchaser. On February 23, 1937, the above mentioned heirs of Hilda Linquist conveyed their interest in the real estate to the plaintiff, Helen M. Neuffer. On June 4, 1937, Elmer F. Deneke, the administrator of the estate of Hilda Linquist, filed a petition in the probate court of Cook county to sell this property under a statutory proceeding to sell real estate to pay debts, setting forth the insufficiency of personal property to satisfy the claims against the estate. The heirs of Hilda Linquist, deceased, and the plaintiff, Helen M. Neuffer, were made defendants therein, and were properly served and defaulted. A decree was entered on July 30, 1937, ordering a sale by the admin-

istrator, and providing that the rights, if any, of the heirs of Hilda Linquist, and Helen M. Neuffer, were subject, junior and inferior to the rights of the administrator to sell the interest of said Hilda Linquist. Pursuant to this decree, on October 16, 1937, a sale of the real estate involved was held by the administrator, and the defendants, Joseph Z. Willner and Bernard Shulman, became the purchasers. On October 20, 1937, upon receipt of the deed to the property the defendants, Willner and Shulman, redeemed from the foreclosure sale by paying to the master in chancery $12,318.62. On October 23, 1937, R. H. Wegert, the owner of the certificate of sale, accepted the redemption money deposited with the master and the certificate of sale issued to him was canceled. On October 22, 1937, the plaintiff, Helen Neuffer, attempted to redeem from the foreclosure sale but the master refused to accept her redemption money on the ground that a redemption certificate had already been issued to Shulman and Willner.

The plaintiff, Helen Neuffer, claims that the right to make redemption from the foreclosure sale was a right given by statute to the heirs of Hilda Linquist, deceased, could not belong to her estate and could not constitute an asset of her estate. She further contends that she became and is now the owner and grantee of whatever right, title or interest said Hilda Linquist possessed at the time of her death. She insists that the right of redemption could not be sold by the administrator of Hilda Linquist's estate upon any petition to sell real estate to pay debts.

The lands of an intestate are held subject to the payment of his debts, and after the personal estate is exhausted it is the duty of the administrator to apply to the proper court for an order to sell a sufficient amount of the real estate to discharge the residue of the debts. The real estate, in such case, descends to the heir with this charge resting upon it. He acquires an absolute interest in the land, but one which he cannot convey to the prejudice of the rights

of creditors. His estate is defeasible and liable to be defeated by a sale to pay debts made in due course of administration. (*Vansyckle* v. *Richardson,* 13 Ill. 171; *Denk* v. *Fiel,* 249 id. 424; *Myer* v. *McDougal,* 47 id. 278; Ill. Rev. Stat. 1937, chap. 3, par. 99.) The real estate which descended to the heirs of Hilda Linquist was subject to sale for payment of her debts and that is the title appellant received from the heirs. When the sale by the administrator was approved the rights of the appellant ceased to exist.

Appellant's entire theory of this case is based upon a misconception of *Merry* v. *Bostwick,* 13 Ill. 398, and similar holdings in subsequent cases, including *Watson* v. *Reissig,* 24 Ill. 282, *Cook* v. *City of Chicago,* 57 id. 268, *Kell* v. *Worden,* 110 id. 310, and *Hill* v. *Blackwelder,* 113 id. 283. In these cases it is held that the right of redemption which a judgment debtor has after a sale on execution is not such an interest in land as may be taken and sold on a subsequent execution. The reason for this rule is pointed out in the case of *Merry* v. *Bostwick, supra,* and that reason is, that such a practice would directly interfere with the mode prescribed by the legislature for successive redemptions by judgment creditors; that a judgment creditor cannot redeem until the expiration of twelve months from the first sale, and it would be inconsistent with this provision of the statute to allow such a creditor to accomplish the same result by a sale within the twelve-month period. The cases cited have nothing to do with the situation before us and the same volume of Illinois Reports which contains the *Merry case* also contains the case of *Vansyckle* v. *Richardson, supra,* which is decisive against the appellant's contentions by holding that an heir takes a defeasible estate, liable to be defeated by an administrator's sale for the payment of debts.

We find no error in the decree of the superior court and it will, therefore, be affirmed.