John J. Meyer et al., Appellants, v. August Meyer et al., Appellees.

Gen. No. 9,624.

Opinion filed April 12, 1941.

GLEN J. CAMERON, SAMUEL M. FRIEDLANDER and GEORGE W. HUNT, all of Peoria, for appellants.

EUGENE LEITER and TODD, ARBER, PENDARVIS & ANDERSON, both of Peoria, for appellees.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This is a suit in partition brought by three of the children of Hermann Meyer, deceased. Such plaintiffs are the appellants in this appeal.

Each of appellants held a note executed by their father, at the time of his death. They each filed a claim in the probate court of Peoria county against his estate, which claims were allowed. In their complaint for partition, they set up their respective claims, against the real estate involved in this suit. Appellees (defendants below) by their answer charged that such claims were unjust and fraudulent, allowed without any notice to them, and not valid against the real estate involved in this partition proceeding. Appellees filed a counterclaim in which they charged that appellants had been in the possession of the premises involved and had rendered no accounting of the rents and issues arising therefrom; and prayed that an accounting might be had.

The cause was referred to the master who found adversely as to the claims of appellants, finding that they were based upon the promissory notes; that the

notes were not given to discharge any legal obligation owing to them by their father, but were gifts without any legal consideration and failed for lack of completion prior to the death of the maker; that such claims were allowed long after the adjustment day fixed for the filing of claims in said estate, and upon waiver of service by appellant administrator, and without any notice to the other heirs; that the action of the county court thereon was not *res judicata* of the question of their validity as liens against the real estate involved in these proceedings; that appellees were not precluded from contesting the validity thereof in this suit; and that the circuit court as a court of general chancery jurisdiction, had power to hear and determine all issues relative thereto between the parties.

Appellants claimed the notes were delivered to them by their father for services rendered. As seen, the master found adversely to this contention. They filed objections to the master's report, which were overruled, and stood in the circuit court as exceptions. The circuit court rendered its decree in conformity with the findings and recommendations of the master. Plaintiffs below bring this appeal. They assign three grounds for reversal. First, that appellees did not sufficiently set up the charge of fraud as against the notes; second, that want of consideration was not sufficiently set up; and third, that the notes were not gifts.

It does not appear that the jurisdiction of the circuit court to determine the issues relative to the notes was in any way challenged. It is generally considered that a court of chancery is invested with power to set aside judgments or liens obtained by fraud or collusion, and that such power includes the right to grant relief against those arising in the county court which were obtained by fraud. *Elting v. First Nat. Bank of Biggsville,* 173 Ill. 368, 391; *Mettler v. Warner,* 249 Ill. 341,

347; *Moore v. Sievers,* 336 Ill. 316, 322; *Green v. Hutsonville Tp. High School Dist. No. 201,* 356 Ill. 216, 222.

We find no assignment of error that the court's finding is against the weight of the evidence. The first two grounds assigned for error go to the sufficiency of appellees' answer to raise the points indicated. An examination of the abstract discloses that appellees charged that the claims allowed in the county court were unjust and fraudulent, and did not constitute valid liens against the real estate involved in this proceeding. The master and the trial court found that the father owed appellants nothing; that the notes were attempted gifts which were never completed; that they failed because the money provided for therein was not paid during the father's lifetime; and that they did not constitute a lien upon the property involved in this suit.

It appears that the claims were not presented against the estate until long after the adjustment day fixed by the court, that appellant administrator waived service and that appellees had no notice or knowledge of such action. We are not disposed to disturb the finding of the trial court, that the notes were given without any consideration, were an attempted gift by the father, to take effect after his death, and thus intended to take the place of a testamentary disposition. The testimony of the party who drew the notes for the deceased supports such finding.

The master recommended partition and the court so decreed. Pursuant to such decree, the master made sale of the premises and they were purchased by appellants. It appears that the purchase price has not yet been paid, but appellants are no doubt awaiting the outcome of this appeal. The decree of the court granting partition is not involved in this appeal. Only that part of the decree relative to appellants' claims, is involved. The claims totaled $5,467.50. Appellant administrator charges himself with having received

the sum of $5,150.50 in cash, and having paid out the sum of $2,898.57, thus leaving a balance of cash in his hands of $2,251.93. Appellants' attempt to have their claims paid from the sale price of the land in the partition suit, is in effect but an attempt to subject the deceased's lands to the payment of their claims. It is generally considered that claims against an estate are not liens upon the land belonging thereto and may be questioned by the heirs, in a proceeding to subject the same to sale for the payment of debts. *Noe v. Moutray*, 170 Ill. 169; *Ford v. First Nat. Bank of Stuart, Iowa*, 201 Ill. 120, 128, 129; *Atherton v. Hughes*, 249 Ill. 317, 326; *Ward v. Durham*, 134 Ill. 195, 199.

We are of the opinion that the decree of the court as appealed from is correct and should be affirmed.

*Decree affirmed.*