In re Estate of Charles W. Bergman, Deceased.
R. D. Weitzel, Administrator of Estate of Charles W.
Bergman, Deceased, et al., Appellants, v. Otto
Bergman et al., Appellees.

Gen. No. 9,695.

October term, 1941.  Heard in this court at the Opinion filed April 8, 1942.

Fred B. Bennett, of Woodstock, for certain appellants; R. F. Marshall, of Harvard, for certain other appellant; Otto W. Berg, of Chicago, of counsel.

FRED R. KELLEY, of Marengo, for appellee Otto
Bergman.

MR. JUSTICE DOVE delivered the opinion of the court.
On April 23, 1940, R. D. Weitzel, as administrator of
the estate of Charles W. Bergman, deceased, filed a
petition in the county court of McHenry county for an
order directing him to sell real estate to pay claims and
costs of administration against the estate of his intes-
tate. Subsequently the petition was amended. There-
after, on motion of Carl Bergman, one of the
heirs-at-law of decedent, the amended petition was
dismissed and this appeal followed. The grounds of
the motion to dismiss were that the files of the court
showed that the deceased died over ten years before
the filing of the petition, and that neither the petition
nor any of the allegations of the amendments thereto,
if true, would be a sufficient excuse for the delay. A
like motion by Otto Bergman, another of the heirs-at-
law, does not appear to have been passed upon.

The antecedent proceedings in the county court show
that Charles W. Bergman, the decedent, died intestate
in the State of Wisconsin on December 2, 1929, leaving
seven children as his only heirs-at-law. Weitzel, as a
creditor by virtue of being executor of the estate of
Herman Thoman, deceased, was appointed administra-
tor of the Bergman estate by the county court of
McHenry county on February 23, 1937. At that time
Otto and Carl Bergman lived at Belvidere, Illinois.
Another son lived in Chicago. The other children re-
sided in Wisconsin. Otto, who was appointed adminis-
trator in Wisconsin of the Bergman estate, made an
unsuccessful attempt to have Weitzel removed as the
Illinois administrator and to be substituted in his
stead. A claim based upon a promissory note executed
by Charles W. Bergman to Herman Thoman, for $500,
dated April 15, 1924, due in one year, with 4 per cent

interest, was allowed against the Charles W. Bergman estate by the county court of McHenry county, after a suggestion that the note had been assigned to Elizabeth Thoman, widow of Herman Thoman as part of her share in the estate of her husband, that she had died, and that the executrices of her estate were the rightful owners of the note. The claim was approved by an administrator who had been appointed to defend against the note and thereafter a report of the condition of the estate was filed and approved by the county court.

The amended petition, after formal allegations, states: "As cause for this petition not having been filed earlier and within seven years after the death of the said Charles W. Bergman, deceased, your petitioner shows to the court the following:" Then follow allegations that the decedent was at the time of his death a resident of Wisconsin and died owning real estate there and in Illinois; that shortly after his death Otto Bergman was appointed administrator of the estate in Monroe county, Wisconsin; that he filed an inventory showing the decedent owned real estate and personal property in Wisconsin; and that the estate there still remains open and unsettled. The amendment sets out the appointment of Weitzel as administrator in McHenry county and the proceedings relating to the allowance of the claim on the note. It then alleges that after the appointment of Bergman as administrator in Wisconsin, Weitzel called upon him as such administrator in relation to the payment of the note, and that at such times Bergman, as such administrator, advised him and his attorney that the estate was "in a muss" in that some arrangement would have to be made to sell the Illinois real estate to pay the note, "and that he intended to start an estate in Illinois for the said Charles W. Bergman," on which Weitzel relied, believing the estate to be more than sufficient to pay all claims against it, including the

note; that finally, at the last conversation, Bergman advised him that more than seven years had elapsed since his father's death; that no action had been taken; that now nothing could be done; that he did not intend to pay the claim or do anything about it; that immediately thereafter petitioner started an estate in Illinois, and Bergman petitioned the court to revoke petitioner's letters on the ground that they were not issued within seven years after the decedent's death, "intending at that time to escape payment of an honest claim, after inducing the petitioner to delay action by the conversations and promises and talks aforesaid, and after having advised the petitioner that he intended to start an estate for the said Charles W. Bergman in the State of Illinois"; that the claim so allowed is an honest and just claim evidenced by a written contract executed by the decedent in his lifetime; that the question of limitation or laches had theretofore been passed upon by the court and was *res adjudicata;* that to further delay and influence petitioner as executor of the Thoman estate against taking action toward the collection of the note, Otto Bergman filed a claim against the estate of Herman Thoman, which he claimed would constitute an offset against the note, which claim remained on file without action until about the time of the last talk between the petitioner and Bergman, when it was withdrawn or dismissed without notice to petitioner, all of which is alleged to have been done for the express purpose of defeating the payment of the note; that the real estate described in the petition has not been sold or in any way improved by the heirs of Bergman since his death, but remains in the same condition as it was then, and no countervailing equities have occurred or attached, and no innocent or third parties have become interested as purchasers or otherwise. Otto Bergman as administrator by appointment of the Wisconsin court, was made a party defendant. Other portions of the amended petition

contain the conclusions of the pleader to the effect that on account of the facts alleged the limitation as to the time for filing such petition is not applicable.

The law gives creditors a lien on the real estate of a deceased debtor to be enforced by the administrator for their benefit, but the lien is not perpetual, and may be lost by gross laches or unreasonable delay. (*Vansyckle v. Richardson,* 13 Ill. 171; *White v. Horn,* 224 Ill. 238.) There is no statute of limitations within which an administrator shall file a petition for leave to sell real estate to pay debts. The question within what time the petition shall be filed has often been considered, and a period has been fixed which was adopted by the courts in analogy to the statutes of limitation relating to judgments, and under some circumstances to bringing an action of ejectment. In the absence of a legislative rule fixing a definite period of limitation it has uniformly been held that the application must be made within seven years, unless the delay is satisfactorily explained. (*White v. Horn, supra; Shuld v. Wilson,* 225 Ill. 336.) While the general rule applies where the delay is unexplained, every case depends much upon its own circumstances, and if the delay is satisfactorily explained, as where the premises are occupied as a homestead, the mere lapse of time, is not a reason why the order of sale should not be made. (*Bursen v. Goodspeed,* 60 Ill. 277; *People v. Lanham,* 189 Ill. 326.) It does not appear from the amended petition that the heirs-at-law of Bergman were parties to or had any notice of the proceedings by which the claim on the note was allowed. It is well settled that under such circumstances the allowance of such a claim by the administrator is not binding upon the heirs in a proceeding to sell real estate to pay such claim. (*Ward v. Durham,* 134 Ill. 195; *Meyer v. Meyer,* 309 Ill. App. 643, aff'd 379 Ill. 97.)

While neither the original nor the amended petition discloses the date of the decedent's death, the amended

petition shows the petition was filed more than seven years thereafter. Neither party attempts to differentiate between the effect of a delay of more than seven years and one of over ten years. Assuming, but not deciding, that appellants are correct in their contention that on the motion to dismiss, the petition only, and not the antecedent proceedings, can be considered, the only question presented is whether the delay is satisfactorily explained. Regardless of all the other allegations of the amended petition, it is to be noticed that it does not disclose the date or even the approximate time of any of the conversations between the petitioner and Otto Bergman, except the last one at which Bergman denied liability, nor when the latter filed a claim against the Thoman estate as an offset to the note. Petitioner insists that the claim was filed by Bergman as administrator of the Bergman estate. When it was filed it was notice to petitioner that Bergman, as such administrator, did not intend to pay the note through an Illinois administration, or otherwise. It is manifest that thereafter petitioner could not rely upon any representations that Bergman intended to start an Illinois administration to pay the note. The allegation that the Bergman claim "remained on file without action until about the time of the last talk your petitioner had with the said Otto Bergman" implies it had been on file for some time. So far as the amended petition discloses, it may have been on file all or most of the time during which petitioner claims to have relied upon the representations that an Illinois administration would be started to pay the note. Such a state of affairs would negative such a reliance. While the filing of an offset claim might be used to induce abandonment of the claim on the note, it obviously has no element of inducing mere delay. Due diligence would require petitioner to institute proceedings to collect the note within a reasonable time after he learned of the claimed offset. Without any other alle-

gation on the subject, the allegation that petitioner relied upon the representations of Otto Bergman that he intended to start an Illinois administration to pay the note is inconsistent with the allegation that Bergman had filed a claim designed to defeat payment. The amended petition makes no allegation that tends to explain this inconsistency.

It is also to be noticed that there is no allegation that the claim filed by Bergman against the Thoman estate was not a valid, just claim. The allegation that it was filed to defeat payment of the note does not tend to show it was not a valid offset. All valid offsets are designed to defeat payment of the adverse claim. So far as the amended petition discloses, the failure of petitioner to question the offset claim until the seven-year period had expired on his own claim may have been the sole cause of the withdrawal. In such a case, if the offset claim was valid, there would be a countervailing equity, notwithstanding the legal conclusion alleged that there was none. Legal conclusions are not admitted by a motion to strike or to dismiss.

In *Rosenthal v. Renick*, 44 Ill. 202, relied upon by appellants, where there was a delay of slightly over seven years in starting proceedings to sell real estate to pay debts, there was an unsettled estate in Ohio, where the creditors lived. The land had not been sold or improved by the residuary devisee. In affirming an order of sale the court pointed out that there were no countervailing equities; that the estate was still unsettled in Ohio, and the creditors may have been deterred from resorting to the Illinois lands by the hope of receiving payment from the Ohio administrator. On the allegations in the case at bar there could not be any hope of receiving payment from the Wisconsin estate, and there is no satisfactory showing that there could be a hope of receiving it from the Illinois land. There are no facts alleged in the amended petition here which tend to show there is no countervailing equity or that

satisfactorily explain the delay in filing the petition. For these reasons, we do not regard the *Rosenthal* case as controlling here and other cases relied upon, where the premises had not been improved or incumbered by the heirs, and it was clear there were no countervailing equities, are likewise not applicable.

Inasmuch as the amended petition does not satisfactorily explain the delay or show there is no countervailing equity, the county court did not err in dismissing the amended petition and its order in so doing is affirmed.

*Order affirmed.*