In re Jack L. WHITE and Ruth A. White, Debtors.

Jack L. WHITE and Ruth A. White, Plaintiffs,

v.

Larry STULTS, Administrator of the Estate of Opal Stanza; Jack L. White, Executor of the Estate of Elbert Stanza; United States of America, Internal Revenue Service; Farmers Home Administration; First National Bank in Toledo; Don Stewart; Leland Scott; Bradbury Grain, Inc.; Keller Properties, Inc.; and, Bob G. Kearney, Chapter 12 Trustee, Defendants.

Bankruptcy No. 89–40003.

Adv. No. 93–4104.

United States Bankruptcy Court, S.D. Illinois.

July 22, 1994.

Order July 27, 1994.

Douglas A. Antonik, Mt. Vernon, IL, for Jack L. White and Ruth A. White.

Bob G. Kearney, Chapter 12 Trustee, Benton, IL.

### OPINION

GERALD D. FINES, Bankruptcy Judge.

This matter having come before the Court on a Motion for Summary Judgment filed by Defendant, United States of America/Internal Revenue Service (IRS), and Responses thereto; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### Findings of Fact

The Court finds that the material facts in this matter are not in dispute as agreed by the parties. Thus, this matter is ripe for summary judgment pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. The material facts, in pertinent part, are as follows:

On January 9, 1979, Opal Stanza died testate in Cumberland County, Illinois. At her death, Opal Stanza was the owner of two parcels of real estate in Cumberland County, Illinois, described as follows:

1. The East Half of the Southwest Quarter of Section 25, Township 11 North, Range 8 East of the 3rd Principal Meridian in Cumberland County, Illinois.

2. The West Half of the Southwest Quarter of the Southwest Quarter of Section 33, Township 11 North, Range 9 East of the 3rd Principal Meridian in Cumberland County, Illinois.

By virtue of Opal Stanza's Will, the aforementioned property passed to her heir Elbert Stanza, who subsequently died leaving the real estate to the Debtors herein. The real estate was included as a part of the Debtors' bankruptcy estate, and a sale of the real estate was approved by an Order entered by this Court on January 9, 1992, allowing said sale to be made free and clear of liens, with any valid liens to attach to the proceeds of the sale. On December 27, 1993, the instant adversary proceeding was filed to determine the validity, priority, and extent of any liens and claims against the subject real estate.

On October 10, 1979, an estate tax return was filed by Larry Stults, the Administrator of the Estate of Opal Stanza, and, according to law, an assessment was made against the Opal Stanza Estate for unpaid Federal Estate taxes in the original amount of $37,853.33. Under the Internal Revenue Code, the Administrator of the Opal Stanza Estate chose to make installment payments upon the Federal Estate tax liability and ten payments were made against the original balance between October 6, 1980, and January

20, 1989. As of June 1, 1994, there remained due and owing on the Federal Estate tax liability the sum of $32,615.16. The IRS claims a lien on the proceeds of the sale of the subject real estate by virtue of Paragraph 5/18–14 of the Illinois Probate Act.

### Conclusions of Law

It is undisputed that, pursuant to 26 U.S.C. § 6324(a)(1), the IRS held a lien against Opal Stanza's Estate for estate taxes for a period of 10 years from the date of her death. During that ten year period, there was no action taken by the IRS to assert this lien, nor were any other tax liens recorded against the property by the IRS from the date of Opal Stanza's death to the date of the filing of the bankruptcy petition herein. By terms of 26 U.S.C. § 6324(a)(1), the lien created by that statute expired on January 9, 1989. As such, the IRS has not held a tax lien or any type of recorded lien against the real estate in question since that date. The IRS did not deny these facts in its argument, but rather chose to assert a lien pursuant to the Illinois Probate Act.

Paragraph 5/18–14 of the Illinois Probate Act provides in part that:

Estate chargeable with legacies, expenses and claims. All the real and personal estate of the decedent and the income therefrom during the period of administration are chargeable with the claims against the estate, expenses of administration, estate and inheritance taxes and legacies without distinction except as otherwise provided in this Act or by decedent's will and may be leased, sold, mortgaged or pledged as the court directs in the manner prescribed in this Act.

It has been held that this statute provides that a decedent's real estate is chargeable with the claims against the estate, including estate taxes, and that the real estate descends to the heir with the charge for claims against the estate resting on it. *Neuffer v. Hagelin*, 369 Ill. 344, 16 N.E.2d 715 (1938). The IRS argues that this "charge" against the real estate is a lien as determined by the Illinois Court in *In re Bergman's Estate*, 314 Ill.App. 154, 41 N.E.2d 115 (1942). As such, the IRS argues that, because the Opal Stan-za Estate was liable to the United States for Federal Estate taxes, the United States had a lien on the parcels of real estate formerly belonging to Opal Stanza which were sold in the bankruptcy estate of the Debtors herein, and that, having a valid lien, said lien should attach to the proceeds of sale pursuant to this Court's Order of January 9, 1992.

In response to the lien argument of IRS, the Plaintiff and Defendant, First National Bank of Toledo, assert that the "charge" against the real estate in question expired with the Administrator's right to sell said real estate in order to satisfy claims against the estate. In support of their argument, the Respondents cite former Section 20–4(c) of the 1979 Illinois Probate Code, which was in effect at the time of Opal Stanza's death, which states as follows:

After the expiration of 3 years from the date of death of a decedent, or after the expiration of such additional time as may be allowed by the court for good cause shown upon petition filed by any interested person within the 3 year period or any extension thereof, no real estate, or interest therein, to which the decedent had claim or title, may be sold, leased or mortgaged for the purpose of paying claims or expenses of administration. Nothing contained in this subsection in any way extends the time of limitations on payment of claims as provided in Section 18–12 or in any way revives a claim that has already been barred. Ill.Rev.Stat. Ch. 110½, ¶ 4(c) (1979).

■ In responding to this argument, the IRS cites the case of *U.S. v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940), holding that generally the United States is not subject to statutes of limitation in enforcing its rights unless Congress explicitly provides otherwise. A rational which has been upheld in the Seventh Circuit in the case of *U.S. v. Tri–No Enterprises, Inc.*, 819 F.2d 154 (7th Cir.1987).

■ In examining the *Summerlin* case, this Court finds that *Summerlin* is distinguishable on its facts from the case at bar. In *Summerlin* a claim by the United States was barred in totality by a state statute of

limitations. In the present case, the claim of the United States is not barred in that the United States can seek recovery against other funds in the Estate of Opal Stanza and against the Administrator of the Estate of Opal Stanza personally. *See: U.S. v. Vellalos,* 780 F.Supp. 705 (D.Hawaii 1952). This Court finds that the rights of the IRS asserted by virtue of Paragraph 5/18–14 of the Illinois Probate Act are rights derivative of the rights of the Administrator of the Estate and are not "lien" rights as that term is normally defined. *See: Guaranty Trust Co. v. U.S.,* 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224 (1938). The Illinois Courts have expressly rejected the theory that creditors who have "charges" against real estate in a probate estate are lien holders, and the Illinois Supreme Court expressly stated in the case of *In re Estate of English,* 24 Ill.2d 357, 181 N.E.2d 111 (1962), that:

> An administrator takes no interest in the land of the decedent, except a naked power to sell in case the personal estate is insufficient to pay debts, and neither he nor a creditor whose claim has been allowed holds a lien upon the land.

In the instant case, the Administrator of the Estate of Opal Stanza is barred by statute from selling any of the real estate originally included in that probate estate to pay claims against the estate. The Administrator's right to sell any real estate expired within three years of the date of the death of Opal Stanza with no extensions of said time period having been made. As such, there is no claim which may attach to the proceeds of the sale of the subject real estate in Debtors' bankruptcy estate as defined under Illinois law at Paragraph 5/18–14 of the Probate Act.

Given the undisputed finding that the IRS has no lien rights other than what may have been provided under the Illinois Probate Code in effect at the time of Opal Stanza's death, the Court must conclude that the IRS does not have a valid lien against the proceeds of the sale of the subject real estate in the Debtors' bankruptcy estate. As such, the Motion for Summary Judgment filed by Defendant, United States of America/Internal Revenue Service, on June 3, 1994, should be denied.

## ORDER

This matter having come before the Court on Plaintiffs' Motion for Summary Judgment filed on July 18, 1994; the Court, having reviewed said Motion and being otherwise fully advised in the premises, finds as follows:

1. The Plaintiffs' Motion for Summary Judgment requests that the Court find that the Estate of Opal Stanza and the United States of America/Internal Revenue Service have no claim to the proceeds of the real estate sales in Plaintiffs' bankruptcy estate as approved by the Court on January 9, 1992.

2. In an Order and Opinion dated July 22, 1994, this Court denied a Motion for Summary Judgment made on behalf of the United States of America/Internal Revenue Service concerning the exact issues raised by the instant Motion for Summary Judgment.

3. Having previously made findings of facts and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure concerning the issues raised in the Plaintiffs' Motion for Summary Judgment, the Court finds that it is proper to rule on Plaintiffs' Motion without further argument from the parties.

4. The Court's findings in its Opinion and Order of July 22, 1994, support a finding in favor of Plaintiffs on the relief requested.

WHEREFORE, IT IS HEREBY ORDERED that:

A. Plaintiffs' Motion for Summary Judgment filed on July 18, 1994, is *ALLOWED;* and,

B. The Defendants, Larry Stults, Administrator of the Estate of Opal Stanza, and United States of America/Internal Revenue Service, are found to have no claim to the proceeds of the sale of real estate as described above.

ENTERED: July 27, 1994.